IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANTRAE GREGORY,

       Plaintiff,                 No. CIV S-12-0564 GGH P

       vs.

MATTHEW CATE, Agency Secretary,
California Department of
Corrections and Rehabilitation.

       Defendant.           ORDER and

_____/    FINDINGS and RECOMMENDATIONS

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was ref erred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $4.75 will be assessed by this order.  28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

2  preceding month's income credited to plaintiff's prison trust account.  These payments will be

3  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

4  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18        A complaint must contain more than a "formulaic recitation of the elements of a

19 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

20 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

21 "The pleading must contain something more...than...a statement of facts that merely creates a

22 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

23 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

24 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

25 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

26 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

1  the court to draw the reasonable inference that the defendant is liable for the misconduct

2  alleged." Id.

3            In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7  1843 (1969).

8  SUMMARY OF COMPLAINT

9            Plaintiff, who is a prisoner currently housed at California State Prison - Los

10  Angeles County ("CSP-LAC") names as the sole defendant Matthew Cate as Agency Secretary

11  for the California Department of Corrections and Rehabilitation ("CDCR").

12            Plaintiff alleges that impending library staffing changes will "lead to a

13  corresponding reduction in library access," giving him less time to work on his pending federal

14  civil rights and habeas actions, as well as a proposed state habeas petition.[1]  Plaintiff seeks

15  declaratory and injunctive relief only – specifically, a declaratory judgment declaring that, among

16  other things, the personnel reductions "will result in the loss of the right of meaningful access to

17  the courts" and that the reductions represent a fraud on the District Court for the Northern

18  District of California;[2] a permanent injunction to ensure adequate staffing so that plaintiff will

19  have the necessary access to ensure plaintiff's meaningful access to the courts; and temporary

20  restraining order and preliminary injunction, maintaining the current library schedule until trial is

21

22            [1] It is unclear from the complaint whether plaintiff has actually filed, or instead is
planning to file, his state habeas petition.  At ¶ 18, he alleges that he has a pending state court

23  habeas petition challenging his criminal conviction, while, at ¶ 28, he describes his
"contemplated state petition for habeas corpus, an action that will shortly be filed in court."  In

24  his "Conclusion," he claims to be "fearful that he won't be able to file a state petition that the
superior court will be willing to accept...."  See Complaint, pp. 20-21.

25            [2] Plaintiff claims that the reductions contravene representations made by the CDCR to

26  the District Court of the Northern District of California in connection with that court's dismissal
of the long-standing case California v. Gillmore, Case No. CV 66-45878 SI.

1  concluded in this matter.

2  ANALYSIS

3          Prisoners have a constitutional right of access to the courts.  See, e.g., Lewis v.

4  Casey, 518 U.S. 343, 346, 116 S. Ct. 2174 (1996).  This right, however, "guarantees no particular

5  methodology but rather the conferral of a capability – the capability of bringing contemplated

6  challenges to sentences or conditions of confinement before the courts....[It is this capability]

7  rather than the capability of turning pages in a law library, that is the touchstone" of the right of

8  access to the courts.  Lewis, 518 U.S. at 356-57.

9          In order to establish a violation of a right of access to the courts, a prisoner must

10  establish that he or she has suffered an actual injury.  Lewis, 518 U.S. at 349.  An "actual injury"

11  is "actual prejudice with respect to contemplated or existing litigation, such as the inability to

12  meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348.

13          In this case, plaintiff has alleged no actual injury at all.  He does not allege that he

14  has actually been denied access to the library, or that he was otherwise "so stymied by

15  inadequacies of the law library that he was unable even to file a complaint."  See Lewis, 518 U.S.

16  at 351.  Instead, plaintiff reports that the law library is open for four hours each day in order to

17  comply with CDCR regulations implemented in order to obtain dismissal of the Gilmore action.

18  See Complaint, ¶ 36.  Accordingly, his claimed injuries are speculative: that his library access

19  may, at some point in the future, be reduced, and that plaintiff may then be forced to allocate his

20  time among his three pending or planned litigations.  See Lewis, 518 U.S. at 354 (holding that an

21  inmate cannot establish actual injury "simply by establishing that his prison's law library or legal

22  assistance program is subpar in some theoretical way.")  Plaintiff's allegations are therefore

23  currently insufficient to sustain a claim that he has been denied access to the courts, and must be

24  dismissed with leave to amend.

25  \\\\\

26  \\\\\

4

REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF

Plaintiff's allegations are additionally insufficient to support his requests for immediate injunctive relief.  The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008)).  A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the Winter test are also met."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22, 129 S. Ct. at 376.

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

Speculative injury does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research,

1    Inc., 395 U.S. 100, 130-31, 89 S.Ct. 1562, 1580 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80

2    (9th Cir. 1997), cert. denied, 523 U.S. 1020, 118 S.Ct. 1299 (1998); Caribbean Marine Servs.

3    Co., 844 F.2d at 674.

4              As noted above, plaintiff's alleged injury is speculative, and there is nothing in the

5    current record that suggests the existence of a present, actual threat to plaintiff's ability to

6    prosecute this case, or his other pending actions.  Additionally, in light of this court's

7    determination that the complaint fails to state a cognizable claim, plaintiff has not established

8    that he is likely to succeed on the merits.  Accordingly, the undersigned recommends that the

9    request for a TRO and/or preliminary injunction be denied.

10             If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14   there is some affirmative link or connection between a defendant's actions and the claimed

15   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

16   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

17   vague and conclusory allegations of official participation in civil rights violations are not

18   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19             In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21   complaint be complete in itself without reference to any prior pleading.  This is because, as a

22   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26   \\\\\

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  Plaintiff is assessed an initial partial filing fee of $4.75.  All fees shall be collected and paid in

5  accordance with this court's order to the Director of the California Department of Corrections

6  and Rehabilitation filed concurrently herewith;

7    3.  The complaint is dismissed for the reasons discussed above, with leave to file

8  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

9  file an amended complaint will result in a recommendation that the action be dismissed;

10    4.  In light of the dismissal, plaintiff's request for an issuance of summons (Doc.

11  No. 4) is denied without prejudice; and

12    5.  The Clerk is directed to assign a district judge to this case.

13    IT IS RECOMMENDED that plaintiff's request for an immediate temporary

14  restraining order and preliminary injunction, contained in his complaint, be denied.

15    These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within fourteen days after service of the objections.  The parties are

21  advised that failure to file objections within the specified time may waive the right to appeal the

22  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: March 20, 2012

24    /s/ Gregory G. Hollows
     UNITED STATES MAGISTRATE JUDGE

25

26  ggh:rb
    greg0564.B.

7